Saman Taherian, Esq. – SBN: 170953
Law Office of Lapin & Taherian
910 Pleasant Grove Blvd., Suite 120
Roseville, CA 95678-6188
Telephone:   (408) 271-9270
E-Mail: sam@ltlawgroup.com


Attorneys for Creditor,
Milestone Financial, LLC dba Mers Link 4

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | ) | CASE NO.  5:25-50290 SJ |
|---|---|---|
| | ) | Chapter 13 |
| MARISELA GONZALEZ DURAN, | ) | |
| | ) | R.S. No. ST-1 |
| | ) | |
| | ) | **MILESTONE FINANCIAL, LLC DBA MERS LINK 4'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| DEBTOR. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Date: March 25, 2025 |
| _____ | ) | Time: 10:30 a.m. |
| | | Judge: Hon. S. L. Johnson |
| | | Courtroom: 10 |

Movant, Creditor, Milestone Financial, LLC dba Mers Link 4 ("Milestone" or "Movant") submits its memorandum of points and authorities in support of its motion for relief from the automatic stay to:

A. Compete the unlawful detainer trial in UD case number 22CV405172 in the Santa Clara Superior Court that was scheduled for March 5, 2025, for the real property at 2633 Glen Farm Court, San Jose, CA 95148 ("the Property"), where the

1

**MILESTONE'S MEMO OF P AND A IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Case: 25-50290    Doc# 9    Filed: 03/07/25    Entered: 03/07/25 14:53:44    Page 1 of 11

Debtor resides, so Milestone can enforce its state law remedies to recover possession of its Property. The Property is owned by Milestone and the Debtor is a holdover prior owner from the foreclosure sale that took place on June 24, 2022 for which the Trustee's Deed Upon Sale was recorded on August 10, 2022 with the Santa Clara County Recorder. The trial was scheduled to occur on March 5, 2025, however the Debtor filed her petition in this case on March 4, 2025, to delay the trial and to remain in possession of Milestone's Property.

   B. Allow the Santa Clara Superior Court Judge in case number 22CV404787 to enter a final judgment, as the Court issued its Statement of Decision but the Debtor's bankruptcy petition was filed before the Court could issue its final judgment in that action.

   C. Allow the Clerk of the Santa Clara Superior Court to disburse to Milestone the rent payments that the Debtor deposited into the Court pursuant to the Court's order for the payment of rent during the pendency of case number 22CV404787, as a condition of delaying the unlawful detainer trial since 2022. As those rent payments were no longer property of the Debtor once they were deposited with the Court, they are not property of the estate. The Judge of the Santa Clara Superior Court ordered those funds be disbursed by the Clerk to Milestone and the Debtor has sought to stop the Clerk from disbursing those funds by an email to the Court. Alternatively, the Court should order that the disbursement of those funds by the Clerk of the Santa Clara Superior Court is not subject to the automatic stay and relief is not necessary.

2

MILESTONE'S MEMO OF P AND A IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 25-50290 Doc# 9 Filed: 03/07/25 Entered: 03/07/25 14:53:44 Page 2 of 11

D. Move to strike a frivolous Notice of Appeal filed in the above-referenced state court matter.

**I.  STATEMENT OF FACTS.**

1. Milestone loaned money to Tigere Duran, Inc., Marisela Duran and Modesto Duran[1] secured by their commercial property and the property at 2633 Glen Farm Court, San Jose, CA 95148 (the "Property").

2. After defaults of various types and kinds, and the failure to cure the defaults, Milestone foreclosed on the Property. The foreclosure sale was held on June 24, 2022, and the Trustee's Deed Upon Sale was recorded with the Santa Clara County Recorder on **August 10, 2022**. Thus as of August 10, 2022, and to this date Milestone has owned the Property.

3. The Debtor, Marisela Duran, resides in the Property.

4. Milestone then, on September 27, 2022, filed an unlawful detainer complaint in the Santa Clara Superior Court ("SCSC") as Case No. 22CV405172. The Durans had filed a complaint in the SCSC as Case No. 22CV404787. The Durans complaint alleged 11 causes of action, including Wrongful Foreclosure.

5. The Durans then filed a First Amended Complaint with 10 causes of action, removing the Rescission and Restitution cause of action.

6. Milestone filed a summary adjudication motion and prevailed as to the five (5) separate causes of action asserted based on violations of the Civil Code.

---

[1] Sadly, Modesto Duran passed away prior to the trial in the action.

3

MILESTONE'S MEMO OF P AND A IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

7.      The Durans sought to consolidate the unlimited civil case with the unlawful detainer to avoid being evicted prior to the resolution of their wrongful foreclosure claim. The Court granted their consolidation motion, but required that they deposit with the Clerk of the Court $4,500 per month as rent "by July 1, 2023 and on the first day of each month thereafter until termination of this action, or unless otherwise ordered by the Court." (Order Granting Motion to Consolidate and Setting Rent (the Order") Section III(1)). The order also required Durans to pay $31,500 for the fair market rental value from December 1, 2022 through June 1, 2022. *Id.* at the Order Section III(2). Thus, the total amount to be deposited through February 2025 was **$121,500** [$31,500 + ($4,500 x 20)].

8.      Thereafter, a trial was held as to the remaining five (5) causes of action and Milestone prevailed on every cause of action. The Trial Court issued its final written Statement of Decision as to the Duran complaint and the Court filed it on February 28, 2025. In the Statement of Decision ("SOD") the Court stated:

> "The Court considered Plaintiffs' objections to the tentative ruling/proposed statement of decision, and hereby issues this Statement of Decision on the first phase of the bifurcated trial with the second, unlawful detainer phase of the trial reserved for trial prior to entry of a unified judgment herein." (SOD Page 1:22-25).

Thus, the Court fully resolved the Duran's FAC and merely needed to complete the unlawful detainer now that it had decided that Duran had lost the Property in the foreclosure and did not have any right to set aside the foreclosure sale.

9.      As to the rent that Marisela Duran was ordered to pay to the Clerk of the Court in order to delay the unlawful detainer trial, the trial court entered a separate order

on February 28, 2025, styled "Order to the Court Clerk to Release Funds Deposited by Plaintiffs." In that order, the Court ordered:

> "That the Clerk of the Court shall pay to Milestone Financial, LLC, at 4970 El Camino Real, Suite 230, Los Altos, CA 94022, the entire amount deposited by or on behalf of plaintiff to the court clerk in this case."

10. In the second phase of the bifurcated trial, the Court set the trial date on the unlawful detainer action for March 5, 2025. Debtor filed her petition in this case on March 4, 2025, to delay the UD trial and to extend her occupancy of Milestone's Property.

11. Although no final judgment has been entered in the state court, Durans filed a Notice of Appeal. This Notice of Appeal is facially frivolous. <u>Alan v. American Honda Motor Co., Inc.</u>, 40 Cal.4th 894 (2007).

Milestone seeks relief from stay to:

a. Have the Court enter its judgment on the complaint filed by Durans;

b. Have the Court complete the unlawful detainer trial so Milestone may exercise its state law rights to recover possession of its Property;

c. Allow the Clerk of the SCSC to disburse the rent funds paid into the Court that are not property of the Debtor or this estate; and

d. Move to strike the facially frivolous Notice of Appeal filed in state court.

**II. "CAUSE" EXISTS TO GRANT RELIEF FROM THE AUTOMATIC STAY TO MILESTONE UNDER 11 U.S.C. §362(d)(1) AND (d)(2)**

5

MILESTONE'S MEMO OF P AND A IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 25-50290   Doc# 9   Filed: 03/07/25   Entered: 03/07/25 14:53:44   Page 5 of 11

Bankruptcy Code 11 U.S.C. §362(d)(1) allows the Court to grant relief from the automatic stay "for cause." "While cause under § 362(d)(1) includes 'the lack of adequate protection of an interest in property,' it is not so limited. 11 U.S.C. § 362(d)(1). Because 'cause' is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a case by case basis." *In re JE Livestock, Inc.*, 375 B.R. 892 (10th Cir. BAP 2007) *See also In re National Environmental Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997) and *In re MacDonald*, 755 F. 2d 715, 717 (9th Cir. 1985). "Although the debtor bears the ultimate burden of disproving the existence of 'cause', the movant must initially produce evidence establishing 'cause' for the relief he requests." *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994).

### A. CAUSE EXISTS TO PERMIT THE TRIAL COURT JUDGE TO ENTER A JUDGMENT ON THE DURAN COMPLAINT

The trial court issued its Statement of Decision ("SOD")after the trial on Duran's complaint claiming that Milestone's foreclosure sale of the Property was wrongful and other claims related thereto. Milestone prevailed on every cause of action in the operative First Amended Complaint. The SOD detailed the Court's findings. The SOD states that:

> "The Court considered Plaintiffs' objections to the tentative ruling/proposed statement of decision, and hereby issues this Statement of Decision on the first phase of the bifurcated trial with the second, unlawful detainer phase of the trial reserved for trial **prior to entry of a unified judgment herein**." (SOD Page 1:22-25) (Emphasis added).

The Court anticipated entering a unified judgment after the unlawful detainer trial. However, this bankruptcy filing has stayed the action. As the trial was completed

6

**MILESTONE'S MEMO OF P AND A IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
Case: 25-50290    Doc# 9    Filed: 03/07/25    Entered: 03/07/25 14:53:44    Page 6 of 11

and there was nothing left to do but issue the judgment on the trial of the Duran operative first amended complaint ("FAC"), the Court should grant relief from stay for the Court to issue its judgment on the Duran operative FAC.

If the Court also grants relief from stay as to the unlawful detainer trial, this Superior Court could issue a unified judgment if it understands that the Court has granted relief from stay for it to issue the judgment as to the Duran FAC. However, absent a clear order addressing both the judgment on the Duran FAC and the unlawful detainer action, the Superior Court may be confused as to the extent of the relief. Therefore, this Court should clearly authorize the Superior Court to issue the judgment on the Duran FAC, either with or without the unlawful detainer judgment.

This is also necessary to permit the Debtor to file her appeal. The Debtor has already filed a notice of appeal, however it is premature. ("But a statement of decision is not treated as appealable when a formal order or judgment does follow, as in this case."). *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal. 4th 894, 901. Here, the Superior Court clearly planned to issue a unified judgment (as it stated that in the SOD) and this Court should permit the Superior Court to issue its judgment. This will benefit the Debtor as well as it will permit the Debtor to file a proper and timely appeal if she chooses to do so.

Further, the entry of the judgment will trigger the time to file an attorneys' fees motion by Milestone.

> **B.    CAUSE EXISTS TO PERMIT THE SUPERIOR COURT TO HOLD THE UNLAWFUL DETAINER TRIAL AND ALLOW MILESTONE TO RECOVER POSSESSION OF ITS PROPERTY.**

7

MILESTONE'S MEMO OF P AND A IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 25-50290    Doc# 9    Filed: 03/07/25    Entered: 03/07/25 14:53:44    Page 7 of 11

The unlawful detainer trial was set for March 5, 2025. Debtor filed her petition on March 5, 2025 to interfere with that trial. That trial has now been continued to April 9, 2025.

Milestone's title to the Property was perfected upon recording the Trustee's Deed Upon Sale ("TDUS"). *In re Richter*, 525 B.R. 735, 755 (Bankr. C.D. Cal. 2015). Debtor was not a tenant of the Property, but was a pre-petition owner until the TDUS was recorded. After that date the Debtor did not have any interest in the title to the Property and the Property did not become property of the estate. *Butner v. United States*, 440 U.S. 48 (1979); *In re Hamilton*, 2005 WL 6960211, *3 (9th Cir. BAP 2005) ("Since the Property was not property of Hamilton's bankruptcy estate, it was not subject to the automatic stay. Therefore, the bankruptcy court had "cause" for lifting the automatic stay under §362(d)(1), in order to enable Hernandez to proceed with eviction.").

After the foreclosure sale, Debtor continued to occupy the Property as a holdover, without a lease, rental agreement or any legal right to continue occupying the Property. Milestone then filed its unlawful detainer complaint. As discussed above, the UD action was consolidated with the Durans' complaint alleging for wrongful foreclosure and other claims. Milestone prevailed on that complaint and Durans did not succeed on any cause of action. The Statement of Decision decided the remaining causes of action that were not subject to the earlier summary adjudication motion that disposed of the five (5) civil code based claims. All claims were decided adversely to Duran. This left Duran

without any claim to title and merely as a holdover subject to the second phase of the trial which was the unlawful detainer.

As Duran does not have any ownership or tenancy interest in the Property, cause exists for relief from the automatic stay to permit Milestone to recover possession of its Property.

Additionally relief from stay should be granted under 11 U.S.C. §362(d)(2). Section 362(d)(2) provides relief from the automatic stay when the debtor has no equity in the property and the property is not necessary to an effective reorganization. Both elements of the test must be met. *In re Egea*, 167 B.R. 226 (Bankr. D. Kan.1994).

Here Debtor does not have any equity in the Property as it is solely owned by Milestone. Since there is no equity for the Debtor that requirement of §362(d)(2) is satisfied.[2]

Further, since the Debtor does not have any ownership, rental or leasehold interest in the Property it is not necessary to an effective reorganization. Merely residing in the Property does not make it "necessary to an effective reorganization." ("Hamilton asserts that the Property is necessary for an effective reorganization because he lives in the Property with his wife and two minor sons. Again, because Hamilton did not own the Property as of the date of filing his bankruptcy petition, the property cannot be necessary

---

[2] "Here, Hamilton did not have equity in the Property at the time of filing his bankruptcy petition because, as stated above, he no longer held the title to the Property as of the date of filing. The Property was purchased by Hernandez prior to Hamilton's bankruptcy filing. Thus any equity that Hamilton had in the Property before the foreclosure sale was lost when Hernandez purchased it. Therefore, Hamilton did not have any equity in the Property for purposes of stay relief analysis." *In re Hamilton*, 2005 WL 6960211, *4 (9th Cir. BAP 2005).

9

**MILESTONE'S MEMO OF P AND A IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

for Hamilton's effective reorganization."). *In re Hamilton*, 2005 WL 6960211, *4 (9th Cir. BAP 2005).

Therefore, the Court should grant Milestone relief from the automatic stay to complete the unlawful detainer action and use state law remedies to recover possession of the Property.

**C. CAUSE EXISTS TO PERMIT THE CLERK OF THE SUPERIOR COURT TO DISBURSE FUNDS IT WAS HOLDING FOR MILESTONE AS MILESTONE PREVAILED ON THE DURAN COMPLAINT**

In 2022, the Debtor sought to avoid having the unlawful detainer trial proceed. To that end she filed a motion to consolidate the UD action with her unlimited civil action. The Court granted her motion, but conditioned the ongoing continuance of the UD Action trial delay on her payment of rent into the Court to be held by the Clerk of the Court. Thus, there was consideration for each payment and the Debtor received that value with each payment.

When the Debtor made those payments, the funds were no longer her money, they were funds of the Court, subject to the Court's orders and disposition. The Debtor did not have any rights in the funds or ability to take the funds out, use them or direct the disposition. Therefore, the funds are not property of the estate under 11 U.S.C. §541. The terms of the Court order for those funds was that the Clerk would hold the funds

10

**MILESTONE'S MEMO OF P AND A IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Case: 25-50290    Doc# 9    Filed: 03/07/25    Entered: 03/07/25 14:53:44    Page 10 of 11

until the termination of the action or unless otherwise ordered by the Court.

After Milestone prevailed on all cause of action in the unlimited civil action the Court issued a written order on February 28, 2025, styled "Order to the Court Clerk to Release Funds Deposited by Plaintiffs." In that order, the Court ordered:

> "That the Clerk of the Court shall pay to Milestone Financial, LLC, at 4970 El Camino Real, Suite 230, Los Altos, CA 94022, the entire amount deposited by or on behalf of plaintiff to the court clerk in this case."

Thus, the Court determined that those funds held by the Clerk of the Court were property of Milestone, and not the Debtor's property. This was done pre-petition.

Therefore, Milestone has shown cause as to why the Clerk of the Court should be permitted to disburse the funds according to the Santa Clara Superior Court order and relief from the automatic stay should be granted for that purpose, or alternatively the Court should order that the disbursement of those funds by the Clerk of the Santa Clara Superior Court is not subject to the automatic stay and relief is not necessary.

DATED: March 7, 2025        LAPIN & TAHERIAN

By: /s/ *Sam Taherian*
SAM TAHERIAN, ESQ.
Attorneys for Secured Creditor,
Milestone Financial, LLC dba Mers Link 4