Sam Taherian, Esq. – SBN: 170953
Law Office of Lapin & Taherian
910 Pleasant Grove Blvd., Suite 120
Roseville, CA 95678-6188
E-Mail: sam@ltlawgroup.com
Tel (408) 271-9270 | Fax (408) 271-9288

Attorneys for Creditor,
Milestone Financial, LLC dba Mers Link 4

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re | CASE No. 25-50290-SLJ |
| Marisela Gonzalez Duran | Chapter 13 |
| Debtor | **MOTION TO DISQUALIFY DEBTOR'S COUNSEL** |

Moving party incorporates by reference all material stated in its Motion for Relief From Stay, filed concurrently herewith.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1- <u>The loan, and the subsequent defaults</u>

In 2019, Milestone Financial LLC ("Milestone") extended a loan to Tigere Duran, Inc. and its principals, Marisela Duran and Modesto Duran ("Durans"). The loan was cross-collateralized and secured against two properties in San Jose. Thereafter, the Durans repeatedly defaulted –not only on payments to Milestone, but also on payments to senior loans, property taxes, and property insurance. They also violated their loan obligations by modifying a senior loan, thus reducing Milestone's equity cushion.

Milestone recorded a Notice of Default, and eventually foreclosed both properties.

---
1
MEMORANDUM OF P AND A IN SUPPORT OF MOTION TO DISQUALIFY DEBTOR'S COUNSEL

2- <u>The state court proceedings</u>

Milestone then began eviction proceedings by filing an unlawful detainer action in Santa Clara County Superior Court, case number 22CV405172 (hereinafter "UD"). Represented by Farsad Law Office, PC, Durans filed a verified complaint with 11 causes of action, alleging various wrongdoings, seeking, *inter alia*, to set aside the foreclosure. Santa Clara County Superior Court, case number 22CV404787. The two cases were consolidated, and the UD was stayed contingent upon Durans submitting rent payments to the Superior Court Clerk. To date they have submitted approximately $120,000 in rent to the clerk of the Superior Court.

Of the 11 causes of action, it appears that one was merely a remedy, and therefore voluntarily dismissed. Five of the remaining causes of action were subject to summary adjudication in favor of Milestone. The matter was set for trial. Sadly, Mr. Duran passed away before trial. Ms. Duran took the remaining five causes of action to trial last year. Attorney Nancy Weng, Esq., represented Ms. Duran, and attorney Chi Dinh, was her second chair. This attorney represented Milestone.

On January 6, 2025, the court issued its tentative statement of decision, finding against Ms. Duran on all five remaining causes of action. Ms. Duran objected to the tentative, but the court adopted its tentative on February 28, 2025.

With the allegations of wrongful foreclosure having been disposed of, the Superior Court issued an order for all rent monies held by the court clerk to be released to Milestone, and scheduled a UD trial for March 5, 2025. Because the UD and the main case were consolidated, the court did not want to issue a final judgment until resolution of the UD so that it could issue a unified and consolidated judgment.

Represented by Farsad Law Office, PC, Ms. Duran filed the instant bankruptcy the evening before the UD trial.

On March 5, 2025, and despite the fact that no final judgment has been entered in state court, Ms. Duran filed a Notice of Appeal in state court. Because no final judgment has been entered, it is black letter law that this filing is frivolous. <u>Alan v. American Honda Motor Co., Inc.</u>, 40 Cal.4th 894 (2007).

Ms. Duran continues to occupy a property Milestone owns, and has not been able to recover for years because the UD was consolidated with Duran's wrongful foreclosure action.

## II. CLAIMS GIVING RISE TO CONFLICT OF INTEREST OF COUNSEL

1- The claim for malicious prosecution as to Farsad Law Office, PC

The Durans, in their verified complaint, alleged, on personal knowledge, various misdeeds, including bid-rigging. Bid rigging isn't just a violation of Cal. Civil Code §2925h(g). It is also a violation of anti-trust laws, and therefore a criminal offense.

Durans had no evidence whatsoever of these allegations, or of four other causes of action alleged under penalty of perjury on personal knowledge – losing all by summary adjudication.

In the same vein, Durans claimed accounting irregularities. But in discovery, they stated that they had no documents to evidence any payments[1]. And in trial, their expert was unable to identify any irregularities. Moreover, Durans' verified complaint states that a Notice of Default listing a default of $18,779.07 was incorrect because Durans had missed only one payment - $4,954.72. (Verified First Amended Complaint ¶ 46). This was false, because Durans had also defaulted on property tax and insurance payments. Moreover, in her discovery responses, Duran stated that she had no documents to verify her payment history. Therefore, Farsad Law Office, PC, had no way of verifying Durans' allegations.

Farsad Law Office, PC, had conducted no discovery whatsoever. But their firm was provided with trial exhibits and a trial brief before commencement of the trial. At that point, they became aware of the falsity of their allegations. Nonetheless, they proceeded to trial.

This attorney believes Ms. Duran and Farsad Law Office, PC, have exposure for malicious prosecution. Milestone intends to file a Proof of Claim for malicious prosecution in the instant bankruptcy, and a state court action against Ms. Duran's attorneys.

In any malicious prosecution action, Ms. Duran may have a defense of advice of counsel, as well as a claim for equitable indemnity against her counsel.

2- The claim for malicious prosecution as to Chi Dinh, Esq.

---

[1] Miraculously, in trial, Ms. Duran was able to produce two surprise documents, despite having executed verified discovery responses indicating all documents were lost or destroyed.

Chi Dinh, Esq., was not attorney of record on the original verified compliant that contained five unfounded causes of action subject to summary adjudication. However, on information and belief, he has been involved and conspired with Ms. Duran and Farsad Law Office, PC, from the very beginning.

Moreover, by the time the case went to trial, Chi Dinh, Esq., had notice that:
- Durans' verified complaint contained five causes of action that were disposed of by summary adjudication,
- Farsad Law Office, PC, had failed to conduct any discovery whatsoever,
- Farsad Law Office, PC's expert could not support allegations of accounting irregularities,
- The Durans, in their discovery responses, stated that they had no documents to evidence their payment history, and
- Durans' verified allegations of a default consisting of a single missed monthly payments was false, as they had also defaulted on property taxes, property insurance, and senior loan payments.

Despite having notice of all of the above, Mr. Dinh second-chaired the trial.

This attorney believes Chi Dinh, Esq., has exposure for malicious prosecution. Milestone intends to name Mr. Dinh as a co-defendant a state court action against Ms. Duran's attorneys.

3- <u>The claim for legal malpractice</u>

Throughout the litigation, Ms. Duran's attorneys did not propound a single item of discovery – not even a form interrogatory. This is almost *per se* negligence.

Despite having no idea about the strength of Milestone's defenses, and despite having lost five causes of action in summary adjudication, they repeatedly rejected several very generous settlement offers made by Milestone.

But even giving them benefit of the doubt, up until the eve of trial, Durans' counsel believed they could attack the default rate pursuant to <u>Honchariw v. FJM</u>, 83 Cal. App. 5th 893 (2022) and they could attack the $18,779.07 stated default based on their client's uncorroborated testimony that they missed only one payment. But the week before trial, they were provided with a trial brief and voluminous exhibits, and discovered that the loan had been

accelerated due to multiple defaults. At that point, the weakness of the case was clear. Nonetheless, Durans continued to decline settlement offers.

In one instance, Mr. Farsad made a settlement offer to this attorney. A few hours earlier, Ms. Weng had made a far more reasonable settlement offer. When this attorney pointed out the discrepancy, Mr. Farsad was flummoxed. He conferred with Ms. Weng, then sheepishly returned and confirmed Ms. Weng's offer. It appears that at least one of the two attorneys was making settlement offers without authorization form the client.

### 4- The conflict of interest

It is clear that in the instant bankruptcy, Ms. Duran needs unbiased counsel to advise her regarding Milestone's malicious prosecution claim, as well as her claims for equitable indemnity and malpractice against her state court counsel – the latter two being assets of the estate that must be disclosed in Schedule B.

It cannot be disputed that her bankruptcy counsel, therefore, cannot be the same team that represented her in the failed state court proceedings. Their advice would be against their interests.

### III. CONCLUSION

For the reasons set forth above, Milestone prays that the court disqualify Farsad Law Office, PC, all the attorneys associated with that firm, as well as Chi Dinh, Esq.

Respectfully submitted,

Dated: March 7, 2025                                LAPIN & TAHERIAN.


By: */s/ Sam Taherian*_____
Sam Taheria, Esq.
Attorney for Milestone Financial, LLC
Creditor